[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Donald P. Perrotti, by writ, summons and complaint, dated April 1, 1992, commenced this action in four counts; count 1 claims breach of contract, count 2 seek unpaid wages and penalties under General Statute Section 31-371a, et seq., count 3 alleges breach of covenant of good faith and fair dealing, and, count 4 sounds in unjust enrichment.
After a full hearing the court based upon a preponderance of the credible, relevant and legally admissible evidence, finds, concludes and rules as follows:
On or about January 4, 1988, the plaintiff became an employee of the defendant D.P.L. Refuse Service, Inc. (DPL). There was no agreed upon length of employment between the parties, thus the plaintiff was engaged as an "at will" employee. DPL is a corporation engaged in the business of solid waste collection, hauling and disposal. The plaintiff was hired as a Territory Manager. As such he was responsible for promoting business and selling DPL's services to commercial and business concerns in his area of operation. As compensation, the plaintiff received a weekly salary of $500.00 and a $200.00 per week draw against commission, for a total of $700.00 per week. The plaintiff was paid commissions, according to DPL's company policy pertaining to territory managers, on front load and rear load accounts with no commissions payable on temporary business roll-off accounts. No commissions were payable on house accounts or accounts acquired as a result of a blitz. A blitz being defined, in essence, as a concerted effort to obtain the business serviced by competitors by offering lower prices. Commissions paid were to be returned under certain circumstances, such as cancellation, reduction in billings, etc. Other commissions were CT Page 5131 pro-rated under company policy.
On March 4, 1989, the compensation for Territory Managers were modified. The plaintiff as an "at will" employee by continuing in the employ of DPL accepted such modification. Beginning March 4, 1989, the plaintiff received as compensation a salary in the amount of $120.00 per week and a draw against commissions on the amount of $400.00 per week. Other compensation procedures were outlined to the defendant and all other employees.
The plaintiff left his employment with DPL on September 29, 1989. On November 8, 1989, the plaintiff, claiming unpaid wages, forwarded a letter to the Connecticut Department of Labor (DOL) invoking its intervention in resolving the plaintiff's claim. DPL fully cooperated with the investigation of the plaintiff's complaint. On September 16, 1991, the plaintiff withdrew his complaint with the DOL and commenced this action on April 1, 1992.
Initially, the court expressly finds that the plaintiff was an employee of DPL and was not in an employee relationship with the defendants, Frank Perrotti, doing business as Perrotti 
Associates or Frank Perrotti Son's, Inc. Accordingly, judgment should enter for the defendants Frank Perrotti Frank Perrotti Son's Inc. on all counts of the complaint.
DPL in its first special defense to the second count claims the statute of limitation has barred the plaintiff from any right to bring an action under General Statute Section 31-72. General Statute Section 52-596 requires that a civil action for payment of remuneration for employment payable periodically must be brought within two years when the right of action occurs. However, such time bar is tolled when the employee files a claim with the labor commissioner under chapter 558.
The court finds that the defendant, although he claims unpaid wages as far back as January 14, 1988, he remained in the employ of DPL until September 29, 1989, and claims unpaid commissions throughout his term of employment. The plaintiff cause of action as to count two is not time barred.
However, the court, finds as a fact, that the plaintiff was paid all compensation due him under the company policies in effect during his employment. The court credits DPL's bookkeeper CT Page 5132 and accepts her testimony that the plaintiff was not only fully paid as to commissions earned but was overpaid in excess of commissions earned by him.
The court rejects as not credible the plaintiffs assertion that he did not receive any summaries of commissions paid during his employment.
The court finds the issues for DPL on all counts of the plaintiff's complaint.
All of the counts of the plaintiffs complaint are based upon DPL's failure to pay wages. Because the court made its finding that the plaintiff was overpaid sums due him he cannot prevail on any count.
As to count 1, there is no showing of any express or written executed employment contract between the plaintiff and DPL. If there was a contract the plaintiff's claimed breach thereof, ie, non payment of wages, was not proven.
As to count 2, there is no showing that the plaintiff was owed any unpaid commissions. The plaintiff was overpaid commissions and cannot prevail on this count.
As to count 3, the plaintiff has failed to prove any breach of a covenant of good faith and fair dealing. He was fully compensated for his efforts on behalf of DPL.
As the fourth count, the plaintiff was paid in excess of commissions earned and he failed in his burden of convincing the court that DPL was unjustly enriched. The plaintiff failed to prove to the court his allegation of unjust enrichment.
Accordingly, judgment may enter for the defendant, D.P.L. Refuse Service, Inc., Frank Perrotti, doing business as Perrotti Associates, and Frank Perrotti Sons, Inc. against the plaintiff, Donald P. Perrotti on all counts of his complaint, with costs of suit.
SPALLONE STATE TRIAL REFEREE
Judgment entered in Accordance with Foregoing Memorandum of Decision. CT Page 5133
Michael Kokoszka, Chief Clerk